EDWARD H. KUBO, JR.  2499
United States Attorney
District of Hawaii
R. MICHAEL BURKE   1902
Assistant U.S. Attorney
Room 6-100, PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, HI 96850
Telephone: 541-2850
Facsimile: 541-3752
E-mail: Mike.Burke@usdoj.gov

JEREMY N. HENDON
Tax Division
U.S. Department of Justice
PO Box 683
Ben Franklin Station
Washington DC 20044-0683
Telephone: (202) 353-2466
Facsimile: (202) 307-0054
E-mail: jeremy.hendon@usdoj.gov

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Petitioner,<br><br>v.<br><br>JOHN R. STEVENS,<br><br>        Respondent. | Civil No.: 06-00259 DAE-KSC<br><br>FINDINGS AND RECOMMENDATION TO GRANT PETITIONER'S PETITION TO ENFORCE IRS SUMMONS |

This matter is before the Court on the United States' Petition to Enforce IRS Summons. On May 17, 2006, the Court issued an Order to Show Cause ordering Respondent John R. Stevens to appear to show cause why he should not be compelled to obey the Internal Revenue Service ("IRS") summons served upon him. On

May 20, 2006, the Court issued an Amended Order to Show Cause ordering Respondent John R. Stevens to appear to show cause why he should not be compelled to obey the IRS summons served upon him.

The matter came on for hearing on August 22, 2006. Department of Justice Attorney Jeremy N. Hendon appeared for the Petitioner and there was no appearance by Respondent or any attorney on behalf of Respondent.

Upon consideration of the written submissions and arguments of the United States, and the lack of any opposition submitted by Respondent, the Court hereby finds that the summons is valid and recommends that the United States' Petition to Enforce IRS Summons be granted.

BACKGROUND

The IRS is conducting an examination to determine the correct federal income tax liabilities of John R. Stevens for his taxable period ending December 31, 2002.  On October 24, 2005, IRS Revenue Agent Christine Eubanks issued an IRS administrative summons to Respondent with respect to his 2002 tax year.  In pertinent part, the summons directed Respondent to appear on November 29, 2005, to give testimony and to produce for examination certain documents and other items described in the summons.  Agent Eubanks had IRS Revenue Officer Alan Ochiae serve the summons on Respondent by personally delivering an attested

copy of the summons to Respondent on October 27, 2005.

At the appointed date and time, Respondent failed to appear and failed to produce the documents sought in the summons. Thereafter, Petitioner filed the instant Petition to Enforce IRS Summons.

## DISCUSSION

To enforce its summons, the United States need only establish a prima facie case validating the summons at issue under the standard set forth in United States v. Powell, 379 U.S. 48 (1964).  Pursuant to Powell, the United States must show:  (1) that the summons was issued for a legitimate purpose; (2) that the requested data may be relevant to that purpose; (3) that the data is not already within the Government's possession; and (4) that the administrative steps required by the Code have been followed.  See id. at 57-58.  The United States need only make a minimal showing with regard to these elements, and such a showing is generally made by the declaration of the agent seeking the enforcement of the summons.  See Fortney v. United States, 59 F.3d 117, 120 (9th Cir. 1995); United States v. Will, 671 F.2d 963, 966 (6th Cir. 1982); see also United States v. Blackman, 72 F.3d 1418-22 (9th Cir. 1995).

Once the government has made a prima facie case, the burden of proof falls upon the person objecting to the summons, usually the taxpayer, to "'challenge the summons on any appropriate

ground.'" Powell, 379 U.S. at 58 (quoting Reisman v. Caplin, 375 U.S. 440, 449 (1964)).  The taxpayer must allege specific facts and evidence to support allegations of bad faith or improper purpose.  See Crystal v. United States, 172 F.3d 1141, 1144 (9th Cir. 1999).  Moreover, where the government must meet only a minimal threshold to demonstrate relevance and purpose, the burden on the taxpayer to prove government wrongdoing is significantly greater.  See United States v. Stuckey, 646 F.2d 1369 (9th Cir. 1981).

In the instant case, the United States has established that the summons in question complies with the four elements of the Powell standard.  The Declaration of Revenue Agent Eubanks establishes that the summons was issued for a legitimate purpose, that is, to determine the correct federal income tax liabilities of John R. Stevens for his 2002 tax year.  The Declaration further establishes that the information sought through the summons is relevant to the inquiry into that correct tax liability for that year, that the information sought is not within the possession of the IRS, and that all administrative requirements have been met.

Accordingly, the United States has established its prima facie case and the burden now falls upon Respondent to raise appropriate and supported challenges to the summonses.  See Powell, 379 U.S. at 58; see also Crystal, 172 F.3d at 1144

(stating that specific facts and evidence must be alleged to support claims of bad faith or improper purpose). Respondent did not submit any opposition to the petition to enforce the summons or to order to show cause.

## CONCLUSION

Based on the foregoing, I hereby

RECOMMEND that the United States' Petition to Enforce IRS Summons be GRANTED. I further

RECOMMEND that Respondent John R. Stevens be directed to fully obey the aforementioned summons and each requirement thereof as enumerated in the Declaration of Revenue Agent Christine Eubanks, by appearing before Revenue Agent Eubanks, or any other proper officer or employee of the IRS, at 75-5591 Palani Road, Suite 2007, Kailua-Kona, Hawaii 96740, on a mutually agreeable time and date, but no later than October 31, 2006, to provide the testimony and documents required by the terms of the summons.

IT IS SO ORDERED.

Dated: Honolulu, Hawaii, September 13, 2006.



Kevin S.C. Chang
United States Magistrate Judge